IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CV-7-F[1]

| | |
|---|---|
| STATE OF NORTH CAROLINA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER and** |
| v. ) | **MEMORANDUM and** |
| ) | **RECOMMENDATION** |
| WILLIAM SCOTT DAVIS, JR., ) | |
| ) | |
| Defendant. ) | |

The above-captioned matter is before the court on the motion (D.E. 5) by defendant William Scott Davis, Jr. ("Davis") to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and the associated frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). The motion was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and the frivolity review pursuant to § 636(b)(1)(B). Also before the court is Davis's motion (D.E. 2) to compel. This motion was filed prematurely given that Davis has not yet been granted leave to proceed with this action without prepayment of the filing fee.

## ORDER ON *IN FORMA PAUPERIS* MOTION

Based on the information in the motion to proceed *in forma pauperis*, the court finds that Davis has adequately demonstrated his inability to prepay the required court costs. His motion to proceed *in forma pauperis* is therefore ALLOWED.

---

[1] This matter was originally docketed as a miscellaneous case ("MC") under docket number 5:12-MC-43 due to Davis's failure to either pay a filing fee or submit an application to proceed *in forma pauperis*.

# MEMORANDUM AND RECOMMENDATION ON FRIVOLITY REVIEW

## I. BACKGROUND

In this action, Davis is attempting to remove, pursuant to 28 U.S.C. § 1443, a criminal action (Case No. 07-CRS-71692) brought against him in Wake County Superior Court.[2] (*See* Not. of Rem. (D.E. 1, 3, 4, 6)[3]).[4] In 2007, Davis was charged with forgery and obtaining property by false pretenses. *See State v. Davis*, No. COA10-283, 2011 WL 285023, at *1 (N.C. Ct. App. 18 Jan. 2011). On 9 September 2009, following a trial, Davis was convicted on both counts. *Id*. Davis appealed his conviction to the North Carolina Court of Appeals, and it was affirmed on 18 January 2011. *Id*. Davis's attempt to remove this criminal action appears to be for the purpose of challenging the state court's denial of his requests for post-conviction relief. (*See* Not. of Removal (D.E. 3) 2 ¶ 1 (alleging that because of the denial of his motions for post-conviction relief, he is "being denied access to the Wake County Superior Court, to vacate his conviction")).

## II. DISCUSSION

### A. Applicable Legal Standards

After allowing a party to proceed *in forma pauperis*, as here, the court must conduct a frivolity review of the case pursuant to 28 U.S.C. § 1915(e)(2)(B). The court must determine whether the action is frivolous or malicious, fails to state a claim upon which relief can be

---

[2] Formally, the North Carolina General Court of Justice, Superior Court Division, County of Wake.

[3] Davis filed four documents each relating to removal. The court will consider these documents together in determining the propriety of the proposed removal.

[4] While Davis has failed to include with the Notice of Removal a "copy of all process, pleadings, and orders" served upon him in the state court action as required by 28 U.S.C. § 1446(a), the majority view is that the failure to include these documents "is merely procedural" and may be cured. *Riggs v. Fling Irrigation, Inc.*, 535 F. Supp. 2d 572, 579 (W.D.N.C. 2008) (citing *Riehl v. National Mut. Ins. Co.*, 374 F.2d 739, 742 (7th Cir. 1967) ("[T]he omission [of the complaint] was but a minor irregularity of no consequence.")). Nevertheless, the court need not determine whether Davis's noncompliance with § 1446(a) is curable in this case given the alternative grounds for disposition of this matter discussed below.

granted, or seeks monetary relief from an immune defendant, and is thereby subject to dismissal. 28 U.S.C. § 1915(e)(2)(B); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992) (standard for frivolousness). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). However, it is a party's "abuse of the legal process" which renders an action subject to dismissal as malicious. *Galeas v. Byrd*, No. 3:11-cv-543-RJ, 2011 WL 6370373, at *3 (W.D.N.C. 20 Dec. 2011); *see also Crisafi v. Holland,* 655 F.2d 1305, 1309 (D.C. Cir. 1981) ("A complaint plainly abusive of the judicial process is properly typed malicious."). An action may be abusive of the legal process where it "merely repeat[s] pending or previously litigated claims." *Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir. 1993); *see also Ballentine v. Crawford*, 563 F. Supp. 627, 629 (N.D. Ind. 1983) ("A complaint that merely repeats pending or previously litigated claims may be considered abusive and a court may look to its own records to determine whether a pleading repeats prior claims."). In determining whether an action should be dismissed as malicious under § 1915, "[a] plaintiff's past litigious conduct should inform a district court's discretion." *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (citing *In re McDonald,* 489 U.S. 180 (1989) (denying request to proceed *in forma pauperis* based, in part, on abusive number of filings)); *see also Cain v. Com. of Va.*, 982 F. Supp. 1132, 1136 (E.D. Va. 1997) ("[T]he Court draws on its previous experience with the litigant in evaluating the character of the present complaint.").

A court may also consider subject matter jurisdiction as part of the frivolity review. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"); *Cornelius v. Howell*, No. 3:06-3387-MBS-BM, 2007 WL 397449, at *2-4 (D.S.C. 8 Jan. 2007) (discussing the lack of diversity jurisdiction during frivolity review as a basis for dismissal).

"Federal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 336 (1895). The burden of establishing subject matter jurisdiction rests on the party invoking jurisdiction. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction . . . is on the plaintiff, the party asserting jurisdiction.").

Section 1443 encompasses only removals based on a defendant's claim of racial inequality. Specifically, a defendant may seek removal of a civil or criminal action from state court pursuant to § 1443 where such actions are

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; [or]

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443; *see also Noel v. McCain*, 538 F.2d 633, 635 (4th Cir. 1976) (holding that to remove a case under § 1443(1), a defendant must show, among other things, "that he is being deprived of rights guaranteed by federal laws protecting against racial discrimination") (citing *Greenwood v. Peacock*, 384 U.S. 808, 828 (1966); *Folts v. City of Richmond*, 480 F. Supp. 621, 626 (E.D. Va. 1979) (noting that § 1443(2) "has been narrowly construed to mean laws that establish specific civil rights stated in terms of racial equality" (internal quotations omitted)).

A case that is improperly removed is subject to remand to the state court from which it came. *See* 28 U.S.C. § 1447(c). The court has the power to remand a case on its own motion when it is apparent that the case was improperly removed. *See, e.g., Deluca v. Mass. Mut. Life*

*Ins. Co.,* No. 105CV00632OWWDLB, 2005 WL 1562033, at *3 (E.D. Cal. 28 June 2005); *S. & H. Grossinger, Inc. v. Hotel and Rest. Employees and Bartenders Int'l Union AFL-CIO, Local 343*, 272 F. Supp. 25, 27 (S.D.N.Y. 1967).

**B.     Analysis**

Davis's attempted removal of the instant criminal case is improper because it is untimely. Pursuant to 28 U.S.C. § 1455, a criminal defendant must file a notice of removal

> not later than 30 days after arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.

28 U.S.C. § 1455(b)(1). It is unclear from the Notice of Removal the date on which Davis was arraigned in the underlying criminal case. However, as previously discussed, Davis was convicted following a trial on 9 September 2009, nearly four years before he filed the instant Notice of Removal on 13 June 2013. Further, Davis has not alleged, nor does the court find, good cause for this delay. *See United States v. Serrano*, No. CR 12-01056 DDP, 2012 WL 5621239, at * 1 (C.D. Cal. 15 Nov. 2012) (remanding a criminal action where defendant filed the notice of removal approximately 60 days after his arraignment). This case should accordingly be remanded to Wake County Superior Court.

**III.    CONCLUSION**

For the foregoing reasons, it is RECOMMENDED that this action be REMANDED to Wake County Superior Court pursuant to 28 U.S.C. § 1447(c). It is FURTHER RECOMMENDED that the remaining pending motion in this action (D.E. 2) be DISMISSED as prematurely filed and moot, and terminated by the Clerk.

The Clerk shall send a copy of this Memorandum and Recommendation to Davis, who shall have 14 days from service thereof to file written objections. Failure to file timely written

objections bars Davis from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

SO ORDERED, this the 10th day of January 2014.

James E. Gates
United States Magistrate Judge