UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-7-F

| | |
|---|---|
| STATE OF NORTH CAROLINA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| WILLIAM SCOTT DAVIS, JR., | ) |
| | ) |
| Defendant. | |

This matter is before the court on the Memorandum and Recommendation [DE-8] ("M&R") issued by United States Magistrate Judge James E. Gates. Therein, Judge Gates recommends that this action be remanded to the Wake County Superior Court pursuant to 28 U.S.C. § 1447(c), and that pending motions in this action be dismissed as moot. For the reasons stated below, the court accepts the recommendation and ORDERS that this case be remanded to the Wake County Superior Court, and that all pending motions are denied as moot.

## I. BACKGROUND

This action was opened in this court when Defendant filed a Notice of Removal [DE-1] of a criminal action (Case No. 07-CRS-71692) brought against him in the North Carolina General Court of Justice, Superior Court Division, Wake County (hereinafter, the "Wake County Superior Court"). In 2007, Defendant was charged with forgery and obtaining property by false pretenses. *See State v. Davis*, No. COA10-283, 2011 WL 285023, at *1 (N.C. Ct. App. Jan. 18, 2011). Defendant was convicted on both counts on September 9, 2009, following a trial. *Id.* He appealed his conviction to the North Carolina Court of Appeals, where it was affirmed on January 18, 2011. *Id.*

Consistent with the practice in this district, after Defendant filed the notice of removal, the case was designated as a miscellaneous case because Defendant neither filed a filing fee nor filed a motion for leave to proceed in forma pauperis. The miscellaneous case was assigned to Judge Gates.

A few weeks after Defendant filed the Notice of Removal, he filed a Motion for Leave to Proceed in forma pauperis [DE-5]. Subsequently, the Clerk of Court issued a Reassignment Order [DE-7], stating that because Defendant had filed a motion to proceed in forma pauperis, the case was converted to a civil case, and assigned to a district judge. The case was randomly reassigned to the undersigned, and Judge Gates remained the assigned magistrate judge. *See* January 6, 2014, Order [DE-7].

Judge Gates then issued an Order and M&R [DE-8] which was filed on January 13, 2014, allowing Defendant's Motion for Leave to Proceed in forma pauperis, but recommending, after conducting a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), that the action be remanded to state court. Specifically, Judge Gates found that Defendant's attempted removal of this action was improper under 28 U.S.C. § 1455.

The filing of the M&R set off a flurry of activity by Defendant, consistent with his history of vexatious filing in this court and others. *See Davis v. Mitchel*, 5:12-CV-493-F. In an order filed on January 27, 2014 [DE-20], the court denied Defendant's various "appeals" but allowed his motion for an extension of time to file an objection to the M&R, and set February 13, 2014 as the deadline for doing so. Defendant responded by filing his objection [DE-18]; a memorandum in support of his objection [DE-19]; a motion in objection to all of Judge Gates' orders [DE-21]; a motion for relief pursuant to Rule 58 [DE-22]; a motion for relief pursuant to Rule 59 [DE-23]; two notices of

2

appeal to the undersigned [DE-24; DE-26]; a motion for recusal as to Judge Gates [DE-24], and a notice of appeal directed to the Fourth Circuit Court of Appeals [DE-27].

## II. JURISDICTION TO CONSIDER M&R AND PENDING MOTIONS

Before reaching the M&R and Defendant's various pending motions, the court first addresses the impact, if any, of Defendant's filing of a notice of appeal [DE-27] directed to the Fourth Circuit. Generally, the filing of a notice of appeal "confers jurisdiction on the courts of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (citation omitted). There are exceptions to this general rule, however, and it is well-settled that a "district court does not lose jurisdiction when the litigant takes an appeal from an unappealable order." *United States v. Jones*, 367 F. App'x. 482, 484 (4th Cir. 2010) (citing *Griggs*, 459 U.S. at 58); *see also United States v. Rodgers*, 101 F.3d 247, 251-52 (2d Cir. 1996); *Ruby v. Secretary of United States Navy*, 365 F.2d 385, 389 (9th Cir. 1966); *Woods v. Attorney General of Maryland*, Civil Action No. WDQ-12-1260, 2012 WL 6042834, at *2 (D. Md. Dec. 3, 2012) (ruling on the petitioner's habeas corpus petition even though petitioner had appealed court's earlier denial of motion to recuse because an "order denying recusal is not an appealable interlocutory or collateral order").

Here, Defendant's notice of appeal directed to the Fourth Circuit [DE-27] indicates he is appealing this court's order filed on January 27, 2014 [DE-20]. Again, that order denied Defendant's various "appeals" and also allowed his motion for extension of time. With regard to the appeals, the court found no error in an reassignment order [DE-7] issued by the Clerk of Court converting the action to a civil case and assigning to the undersigned. The court also found that there was no basis for the undersigned to recuse.

3

The January 27, 2014, Order [DE-20] is not a "final decision." *See* 28 U.S.C. § 1291. Nor is it an "appealable interlocutory or collateral order." *See United States v. Parker*, 428 F. App'x 260 (4th Cir. 2011) (per curiam) (explaining that an appeal from a district court order denying a motion to recuse or disqualify was not an "appealable" order); *see also* 28 U.S.C. § 1292. Accordingly, because Defendant "has taken an appeal from an unappealable order," this court is not divested of jurisdiction over this action. *Jones*, 267 F. App'x at 484.

## III. DISCUSSION

A district court may "designate a magistrate judge to submit . . . proposed findings of fact and recommendations for the disposition of a variety of motions." 28 U.S.C. § 636(b)(1)(B). The court then must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Upon review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

The court has reviewed the M&R and the record in this case, including (but not limited to) each of the documents filed by Defendant in response to the M&R. It is beyond peradventure that the notice of removal is untimely, and that Defendant has not shown good cause justifying the court granting him leave to file the notice of removal almost four years after the date of his conviction. *See* 28 U.S.C. § 1455. Accordingly, the court is required to remand this action. *See* § 1455(b)(4).

## IV. CONCLUSION

For the foregoing reasons, the court accepts the M&R [DE-8] and ORDERS that this action be remanded to the Wake County Superior Court. All other pending motions are DENIED as moot.

4

SO ORDERED

This the 3rd day of March, 2014.

                                      JAMES C. FOX
                                      Senior United States District Judge

5